UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:05-cr-79 |
| | ) | |
| v. | ) | VARLAN/CARTER |
| | ) | |
| LAJUAN HARDY | ) | |

REPORT AND RECOMMENDATION

Defendant Lajuan Hardy's Motion to Strike Counts 1 through 6 of the Indictment (Doc. No. 25) is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B). Mr. Hardy has been indicted on six counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, following an alleged spree of convenience store robberies. Mr. Hardy asserts that 18 U.S.C. § 1951 "on its face violates due process of the 14th Amendment to the United States Constitution" because one of the elements of robbery, fear of injury, "relates to the state of mind of the victim and not the state of mind, illegal intent, *mens rea*, or criminal intent of the Defendant." (Defendant's Motion to Strike). For the reasons stated herein, it is RECOMMENDED defendant's motion to strike be DENIED.

While the defendant denominates his motion as one to strike, it is, in fact, a motion to dismiss because it seeks dismissal of the indictment. Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d

1

1123, 1126 (6th Cir. 1997). Defendant Hardy attacks the instant indictment solely on legal grounds, thus the motion is ripe for review.

>18 U.S.C. § 1951 provides in relevant part:
>
>Interference with commerce by threats or violence
>
>(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
>(b) As used in this section--
>
>(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or *fear of injury*, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(Emphasis added). Under this definition, robbery is an unlawful taking of personal property by one of three means: actual or threatened force, or violence, or fear of injury. While it is not entirely clear to the undersigned, defendant's argument appears to be that 1) fear of injury is an element of robbery requiring a factual finding as to the victim's state of mind, 2) 18 U.S.C. § 1951 does not require any criminal intent on the part of the defendant, and 3) because the defendant's state of mind is not part of the crime as defined by the statute while the victim's state of mind is, then the statute on its face violates the defendant's due process rights.[1]

---

[1] The defendant asserts his due process rights guaranteed under the Fourteenth Amendment have been violated. The Fourteenth Amendment applies to the States, not the federal government. U.S. Const. amend. XIV. The Fifth Amendment protects an individual from deprivation of life, liberty or property without due process of law by the federal government.

In support of his motion, defendant relies entirely upon *Morrissette v. United States*, 342 U.S. 246 (1952). In *Morrissette*, the defendant had gathered spent shell casings on government property and sold the casings as scrap. Defendant Morrissette was later charged with stealing government property in violation of 18 U.S.C. § 641 which provided that "whoever embezzles, steals, purloins, or knowingly converts government property is punishable by fine and imprisonment." 342 U.S. at 248. At trial, the defendant sought to defend himself by asserting that he thought the shell casings were cast-off and abandoned, and he did not intend to steal them. The trial court refused to allow the defendant to present this defense to the jury on the ground that if the defendant took the property, as he admitted he did, then criminal intent is presumed. The Court of Appeals affirmed stating that while the offense required "knowing conversion of government property," there was no express requirement in the statute as to criminal intent and therefore the court would not impose one. *Id.* at 249-50. The Supreme Court granted certiorari to determine whether the statute incorporated an implied element of criminal intent on the part of the defendant. The Court carefully considered the history of theft in common law stating that "[s]tealing, larceny, and its variants and equivalents, were among the earliest offenses known to the law that existed before legislation; ...the penalty is high and, when a sufficient amount is involved, the infamy is that of a felony, which, ...[is] as bad a word as you can give to a man or thing." *Id.* at 261. (internal citation omitted). The Court concluded that the common law has "consistently retained the requirement of intent in larceny-type offenses" and

---

U.S. Const. amend. V. 18 U.S.C. § 1951 is a federal statute, and thus the Fifth Amendment protects the defendant's due process rights in this context. Despite the fact that the defendant has relied upon the wrong constitutional amendment, under either the Fourteenth or the Fifth Amendment, the defendant's argument is the same, and the undersigned will proceed as if the defendant had relied upon the Fifth Amendment.

3

that "in light of an unbroken course of judicial decisions in all constituent states of the Union holding intent inherent in this class of offense," Congress "merely adopted into federal statutory law a concept of crime already so well defined in common law..." *Id.* at 262. Thus, the Court held criminal intent was an element of the crime even though it was not expressly stated in the statute at issue. *Id.* at 263, 273.

*Morrissette* did not involve a question of the defendant's constitutional due process rights. Rather, the question before the Court was simply whether the statute did or did not incorporate criminal intent as one of its elements. The defendant has offered no authority or explanation to support his contention that his due process rights have been violated even if the statute under which he has been indicted does not include criminal intent as one of the elements. There is no need to speculate, however, because in the Sixth Circuit it is well settled that 18 U.S.C. § 1951 incorporates a criminal intent element even though the statute does not expressly provide for one. *United States v. Dabish,* 708 F.2d 240, 242 (6th Cir.1983) ("a Hobbs Act violation is a 'specific intent' crime; intent is an essential element of the offense and must be proved beyond a reasonable doubt"), *United States v. Brown,*1997 WL 570348, **4 (6th Cir 1997) ("Without question, a Hobbs Act violation is a specific intent crime...."), *cert. denied*, 522 U.S. 1119 (1998).

As for the "fear of injury" language in 18 U.S.C. § 1951, the defendant has submitted no authority to support an argument that it abrogates any criminal intent requirement on the part of the defendant, and the undersigned declines to so find. Acting in such a manner as to instill fear of injury is simply one of three enumerated means by which an individual could unlawfully take property from another; it does not dispose of the requirement that the defendant himself acted

4

with criminal intent.

Accordingly, for the reasons stated herein, it is RECOMMENDED that the defendant's motion to strike be DENIED.[2]

                                                  s/William B. Mitchell Carter
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

Case 1:05-cr-00079-TAV-CHS   Document 36   Filed 12/12/05   Page 5 of 5   PageID #: 16