# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

LAJUAN HARDY,                          )
                                       )
            Petitioner,                )
                                       )
v.                                     )     Nos.:  1:05-CR-79-TAV-CHS-1
                                       )            1:16-CV-258-TAV
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

## <u>MEMORANDUM OPINION</u>

Federal prisoner Lajuan Hardy ("Petitioner") filed for post-conviction relief pursuant to

28 U.S.C. § 2255 on April 5, 2010 [Doc. 81; E.D. Tenn. Case No. 1:10-cv-73-TAV].[1]  The Court

denied that motion on June 3, 2013 [Docs. 90, 91].  On June 25, 2016, Petitioner filed a second

motion attacking the same criminal conviction [Doc. 99].  He bases his request for relief on

*Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the

residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was

unconstitutionally vague [Id.].  The United States responded in opposition [*Id.*].

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file

a second or successive § 2255 petition in the District Court until he has moved in the United

States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to

consider the motion.  28 U.S.C. § 2255(h).  No such order has been received by this Court.  To

the contrary, the Sixth Circuit denied leave to file the instant successive petition on October 27,

2016 [Doc. 104 (noting that the *Johnson* decision does not provide a basis for setting aside,

---

[1]      Each document will be identified by the Court File Number assigned to it in the
underlying criminal case: E.D. Tenn. Case No. 1:05-cr-79-TAV-CHS-1.

vacating, or correcting Petitioner's sentence or conviction)]. This Court lacks authority to entertain the challenge; the petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2